UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALBA RIVERA,

    Petitioner,

v.                                   CASE NO. 6:12-cv-1286-Orl-28KRS
                                                (6:08-cr-228-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Alba Rivera (Doc. No. 5). The Government filed a response to the amended motion (Doc. No. 7). Petitioner was provided an opportunity to file a reply to the response but did not do so. For the following reasons, the amended motion is denied.

### I. Procedural History

Petitioner and others were charged by indictment with conspiracy to possess with intent to distribute five or more kilograms of a mixture and substance containing cocaine hydrochloride in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (count one). (Criminal Case No. 6:08-cr-228-Orl-28KRS, Doc. No. 3).[1] On March 31, 2009, Petitioner entered a plea of guilty before United States Magistrate Judge Karla R. Spaulding. Id. at Doc. No. 458.

---

[1] Hereinafter Criminal Case No. 6:08-cr-228-Orl-28KRS will be referred to as "Criminal Case."

Magistrate Judge Spaulding entered a Report and Recommendation, recommending that the plea be accepted and Petitioner be adjudicated guilty. *Id.* at Doc. No. 234. The Court adopted Magistrate Judge Spaulding's Report and Recommendation and adjudicated Petitioner guilty of count one. *Id.* at Doc. No. 296. The Court sentenced Petitioner to a 120-month term of imprisonment to be followed by five-years of supervised release. *Id.* at Doc. No. 337. Judgment was entered on July 10, 2009. *Id.* Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed the conviction on June 14, 2011.[2] *Id.* at Doc. No. 488.

## II. Legal Standard

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

---

[2] The Government erroneously contends that the instant action is untimely. Contrary to the Government's contention, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction on June 14, 2011. (Criminal Case Doc. No. 488.) Thus, the judgment of conviction became final on September 12, 2011, and Petitioner had until September 12, 2012, to initiate the instant action.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. *Analysis*

Petitioner contends that counsel rendered ineffective assistance during her sentencing proceeding. In support of her claim, Petitioner maintains that counsel failed to object to the lack of evidence offered by the Government and failed to present rebuttal

3

witnesses. Petitioner argues that as a result of counsel's performance, she was denied application of the safety valve.

"'When a defendant objects to a factual finding that is used in calculating his guideline sentence, . . . the government bears the burden of establishing the disputed fact by a preponderance of the evidence.'" *United States v. Henry*, 307 F. App'x 331, 337 (11th Cir. 2009) (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005)). In determining an appropriate sentence, "the district court 'may consider any information, including reliable hearsay, regardless of the information's admissibility at trial, provided that there are *sufficient indicia of reliability* to support its probable accuracy.'" *United States v. Lee*, 68 F.3d 1267, 1274-75 (11th Cir. 1995) (emphasis in original) (quoting *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990)). Therefore, "the fact that evidence is hearsay is not enough, in itself, to prevent a court from considering it. Instead, the focus is upon the question of its reliability, which must be determined on a case by case basis." *Id.* "'To show that the evidence lacks minimal indicia of reliability a defendant must establish (1) that the challenged evidence is materially false, and (2) that it actually served as a basis for the sentence.'" *United States v. Harper*, 339 F. App'x 974, 976 (11th Cir. 2009) (quoting *United States v. Bourne*, 130 F.3d 1444, 1447 (11th Cir. 1997)).

The record reflects that at the plea hearing, Petitioner admitted that she personally received packages from Puerto Rico containing at least five kilograms of cocaine (Criminal Case Doc. No. 458 at 11-12.) The Government further provided a factual basis for the plea, indicating that Petitioner recruited Maria Adames ("Adames"), Edgardo Rivera-Ocana

("Rivera-Ocana"), and an unknown neighbor to receive packages of cocaine and Petitioner paid these individuals for their participation in the conspiracy. *Id.* at 22-23. Petitioner affirmed that the Government's factual basis regarding her involvement in the conspiracy was correct. *Id.* at 25.

Prior to Petitioner's sentencing, trial counsel objected to portions of the guideline calculation in the presentence investigation report ("PSR"). (Criminal Case Doc. No. 321.) Specifically, counsel objected to the drug quantity attributed to Petitioner, to a role enhancement, and to Petitioner's purported lack of truthfulness regarding the offense. *Id.* Trial counsel maintained that Petitioner was entitled to application of the safety valve. *Id.*

At the sentencing hearing, the Government called Agent Ray Schulte to testify concerning Petitioner's involvement in the conspiracy and cooperation after her arrest. Agent Schulte said he spoke with Yahaira Cordero ("Cordero"), Petitioner's roommate and co-defendant, who confirmed that she had recruited Petitioner to the conspiracy. (Criminal Case Doc. No. 463 at 68.) Agent Schulte testified that based on his investigation and the evidence presented at the other co-defendants' trials, Petitioner recruited Adames, Rivera-Ocana, Jorge Rivera, and Rosanna Cortijo to receive packages of cocaine. (Criminal Case Doc. No. 463 at 38, 69-70.) He further indicated that Adames and Rivera-Ocana told him that they gave the packages to Petitioner after receiving them. *Id.* at 71-72.

Agent Schulte said physical surveillance corroborated that Adames and Rivera-Ocana went to Petitioner's apartment on dates they received packages. *Id.* He testified that Cordero said she paid Petitioner who in turn would pay her recruits. *Id.* at 72-73.

According to Agent Schulte, Petitioner made two proffers to the Government, both of which were terminated because Petitioner was not forthcoming about the conspiracy. *Id.* at 73-77. Finally, Agent Schulte testified about the number and weight of packages of cocaine received by Petitioner, Adames, and Rivera-Ocana, and he indicated that this information was determined through postal records. *Id.* at 40.

Trial counsel extensively cross-examined Agent Schulte concerning statements provided to him by Petitioner's co-defendants. *Id.* at 76-81. Counsel further challenged the reliability of the co-defendants' statements during Agent Schulte's cross-examination. *Id.*

Petitioner testified at the sentencing hearing. *Id.* at 97-102. She maintained that she had been forthcoming with the Government. *Id.* Petitioner admitted that she kept $200 per package received and paid her co-defendant recruits for each package they received. *Id.* at 102. Trial counsel argued that Petitioner was not a leader or organizer in the conspiracy but instead was a minor participant. (Criminal Case Doc. No. 466 at 12-17.) Nevertheless, the Court concluded that Petitioner was a manager in the conspiracy and was not completely forthcoming regarding her involvement in and knowledge of the conspiracy. *Id.* at 21-22.

The record establishes that trial counsel challenged the reliability of Agent Schulte's hearsay testimony. However, a sufficient indicia of reliability existed to credit his testimony. Specifically, Petitioner admitted at the plea hearing that she recruited Adames, Rivera-Ocana, and an unidentified neighbor to receive packages of cocaine. Petitioner also

admitted at the plea and sentencing hearings that she paid those individuals when they received packages. Moreover, Agent Schulte's hearsay testimony was premised on statements provided by several of Petitioner's co-defendants, including Cordero, Adames, and Rivera-Ocana. Their statements regarding Petitioner's involvement in the conspiracy were similar. The co-defendants' statements further were corroborated by postal records and physical surveillance.

Petitioner has not offered any evidence in this proceeding establishing that Agent Schulte's testimony lacked a minimum indicia of reliability. Petitioner has presented no evidence showing that Agent Schulte's testimony was materially false. Furthermore, Petitioner has not alleged who counsel should have called as witnesses to rebut Agent Schulte's testimony. In sum, Petitioner has failed to demonstrate that counsel was deficient by failing to challenge Agent Schulte's testimony or call rebuttal witnesses or that prejudice resulted from counsel's performance. Therefore, Petitioner's claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 5) filed by Alba Rivera is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:08-cr-228-Orl-28KRS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 549) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this __18__ day of November, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 11/12
Alba Rivera
Counsel of Record

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court,* "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.